23-1280-cv
*Owens v. Fitzgerald*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of May, two thousand twenty-four.

PRESENT:
     AMALYA L. KEARSE,
     JOSEPH F. BIANCO,
     MYRNA PÉREZ,
          *Circuit Judges*.

_____

MARVIN E. OWENS,

          *Plaintiff-Appellant*,

     v.                                                    23-1280

FITZGERALD, DETECTIVE CAPTAIN,

          *Defendant-Appellee*,

E. PEREZ, DETECTIVE, BRIDGEPORT POLICE, KEVIN DUNN, STATES ATTORNEY, COTTA, DETECTIVE, BRIDGEPORT POLICE, INTERNAL AFFAIRS OFFICERS, BRIDGEPORT POLICE DEPARTMENT, E. RIVERA, REBECA GARCIA, LIEUTENANT,

          *Defendants*.

_____

FOR PLAINTIFF-APPELLANT: Marvin E. Owens, *pro se*, Suffield, Connecticut.

FOR DEFENDANT-APPELLEE: Raymond J. Rigat, Berchem Moses, PC, Milford, Connecticut; Richard G. Kascak, Jr., City Attorney's Office, Bridgeport, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on August 31, 2023, is **AFFIRMED**.

Plaintiff-Appellant Marvin Owens, *pro se*, sued Captain Brian Fitzgerald of the Bridgeport Police Department, alleging under 18 U.S.C. § 1983 that Fitzgerald violated his federal Fourth Amendment rights when Fitzgerald impounded Owens's motorcycle following his arrest on August 10, 2016, and defamed him under Connecticut state law by telling reporters and other police officers either that he "was the suspect into [a] 911 threat call," Compl. at 4, or was in fact the caller. The district court granted Fitzgerald's motion to dismiss the state defamation claim without prejudice, holding that it could not exercise supplemental jurisdiction under 28 U.S.C. § 1367 over that claim because it did not "share a common nucleus of operative fact" with the Fourth Amendment claim and thus was "insufficiently related to the seizure claim." *Owens v. Fitzgerald*, No. 3:17-cv-657(RNC), 2022 WL 972487, at *2 (D. Conn. Mar. 31, 2022). The district court also granted Fitzgerald's motion for summary judgment on the Fourth Amendment claim, concluding that Fitzgerald had the legal authority to impound the motorcycle without a warrant under the police's community caretaking function. *See generally Owens v. Fitzgerald*, No. 3:17-cv-657(MPS), 2023 WL 5577251 (D. Conn. Aug. 29, 2023).

2

Owens argues that the district court erred in both of those determinations. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Fourth Amendment Claim[1]

We review a grant of summary judgment *de novo*, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

"It is well established that police have the authority, despite the absence of a warrant, to seize and remove from the streets automobiles in the interests of public safety and as part of their community caretaking functions—an authority that is beyond reasonable challenge." *United States v. Lyle*, 919 F.3d 716, 728 (2d Cir. 2019). The reasonableness of an impoundment decision "is based on all the facts and circumstances of a given case." *Id.* at 731 (internal quotation marks and citation omitted).

We discern no disputed issue of material fact concerning whether Fitzgerald's decision

---

[1] As a threshold matter, Owens argues that the district court erred in granting summary judgment on the federal claim because Fitzgerald filed his motion after the deadline to do so had expired, without obtaining leave of the court. However, Owens did not raise this argument in the district court, and we need not consider it for the first time on appeal. *See Virgilio v. City of New York*, 407 F.3d 105, 116 (2d Cir. 2005). In any event, the district court did not abuse its discretion in considering the late-filed motion where Owens was able to file a counterstatement of material facts and an affidavit in opposition to summary judgment and has failed to demonstrate any prejudice from the late filing of the motion. S*ee generally SEC v. Rajaratnam*, 622 F.3d 159, 186 (2d Cir. 2010) (discussing district court's considerable discretion in docket management).

3

to impound the motorcycle was reasonable under the community caretaking function. At the time of Owens's arrest, Fitzgerald impounded Owens's motorcycle, which was parked on the public street about a block away from the arrest scene. Owens does not dispute that the motorcycle was uninsured, unregistered in Connecticut, and carried, unattached, a license plate assigned for a different vehicle. Under Connecticut law, the motorcycle could not be legally operated, whether by Owens or a member of his family.[2] *See* Conn. Gen. Stat. §§ 14-18(a)(1) (requiring vehicle's license plate to be displayed on that vehicle); 14-147(c) ("No person shall use any motor vehicle registration or operator's license other than the one issued to such person by the commissioner . . . ."); 14-289f (requiring liability insurance for motorcycles). Because it is uncontroverted that no driver would have been able to remove the motorcycle without operating it in violation of Connecticut law, the district court correctly determined that the vehicle's impoundment was reasonable under the Fourth Amendment "in the interests of public safety and as part of [the police's] community caretaking functions." *Lyle*, 919 F.3d at 728, 731–32 (impoundment reasonable where arrestee would not have been able to operate car due to suspended license); *see also Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) ("[I]mpoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and also if it is necessary to remove the vehicle from an exposed or public location.").

---

[2]  Although Owens gave the keys to the motorcycle to his brother before he was placed into a police car following his arrest, Owens does not argue that his brother could have moved his motorcycle without operating it in violation of Connecticut law. In any event, in *Lyle*, we held that the police were not required to grant the arrestee's request to arrange to have his designee remove the vehicle. *See* 919 F.3d at 731.

4

In reaching this conclusion, we are unpersuaded by Owens's contention that the community caretaking function did not apply because he was not operating the motorcycle at the time of his arrest. Because Owens's motorcycle was on a public street with no displayed license plate and was uninsured, the community caretaking function applied, even though it was parked at the time of his arrest. *See generally South Dakota v. Opperman*, 428 U.S. 364, 369 (1976) ("The authority of police to seize and remove from the streets vehicles [which violate parking ordinances] is beyond challenge."); *see also Lyle*, 919 F.3d at 731 ("[B]y impounding the vehicle, the officer ensured that the rental vehicle was not left on a public street in a busy midtown Manhattan location where it could have become a nuisance or been stolen or damaged and could have become illegally parked the next day.").

## II.     Defamation Claim

Owens also challenges the district court's Section 1367(a) dismissal of his defamation claim without prejudice, a jurisdictional determination that we review *de novo*. *Montefiore Med. Ctr. v. Teamsters Loc. 272*, 642 F.3d 321, 327 (2d Cir. 2011). Under the particular facts of this case, the defamation claim did not stem from the same common nucleus of operative facts as the Fourth Amendment claim and, therefore, the district court correctly held that supplemental jurisdiction was lacking. *See id.* at 332.

\*　　　\*　　　\*

We have considered Owens's remaining arguments and find them to be without merit.

Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court